UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **No. 3:21-cr-33-VLB-5** |
| | : | |
| **v.** | : | |
| | : | **December 10, 2021** |
| **JESUS NIEVES** | : | |

## MEMORANDUM OF DECISION ON [DKT. 375] MOTIONS TO DISMISS THE INDICTMENT

Before the Court are two motions to dismiss filed on behalf of the defendant, Jesus Nieves. Both motions were filed by court appointed CJA attorney (Attorney Sebastian DeSantis). Attorney DeSantis' first motion is a motion to dismiss the indictment on the grounds that there is insufficient evidence to prove Mr. Nieves' guilt. [Dkt. 375].

Attorney DeSantis second motion was drafted by the Defendant. Although Attorney DeSantis filed it, he did not have a good faith belief in its merit. He admits filing it because Mr. Nieves would have filed it on his own. [Dkt. 375 FN 1]. Had that occurred the motion would have been returned to the Defendant by the Clerk of Court as Defendant is represented by counsel and hybrid representation is not permitted. The Court is obliged to expend judicial resources considering and ruling on Mr. Nieves' ostensibly specious motion. This second motion seeks dismissal of the indictment on the grounds that the charging statutes are unconstitutional. [Dkt. 375-1].

The Government filed an opposition to these pretrial motions. [Dkt. 430]. For the foregoing reasons, the Court DENIES both motions to dismiss.

1

## BACKGROUND

On March 1, 2021, a grand jury entered an indictment against Mr. Nieves and sixteen other defendants. [Dkt. 1 (Indictment)]. Count one of the indictment charges Mr. Nieves with conspiracy to distribute and to possess with intent to distribute heroin, cocaine base, and cocaine in violation of 21 U.S.C. § § 841(a)(1) and 846. The grand jury charged that "[f]rom in or about October 2020, through March 1, 2021, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere," Mr. Nieves and his co-defendants, "and others known and unknown to the Grand Jury, knowingly and intentionally conspired together with one another to possess with intent to distribute, controlled substances, namely…heroin…cocaine base ("crack")…[and] cocaine." [*Id.* at ¶ 1]. The grand jury charged that Mr. Nieves "knew and reasonably should have foreseen from [his] own conduct and that of other members of the narcotics conspiracy…that the conspiracy involved 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B)(i)." [*Id.* at ¶ 3]. In addition, the grand jury charged Mr. Nieves with foreseeable quantities of "a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(C). [*Id.* at ¶ 9].

## MOTION TO DISMISS FILED BY ATTORNEY DESANTIS

The Court will first address the motion to dismiss based on the sufficiency of the evidence and then address Mr. Nieves' *pro se* motion.

I.     **Legal Standard**

The Federal Rules of Criminal Procedure permit a defendant to file a pretrial motion to dismiss based on a defective indictment provided "the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." Fed. R. Crim P. 12(b)(3). However, "[t]he dismissal of an indictment is an extraordinary remedy reserved only for extremely limited circumstances implicating fundamental rights." *United States v. De La Pava*, 268 F.3d 157, 164 (2d Cir. 2001) (citing *United States v. Nai Fook Li*, 206 F.3d 56, 62 (1st Cir. 2000)). "An indictment is sufficient if it contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend…. It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.'" *Hamling v. United States*, 418 U.S. 87, 117 (1974) (quoting *United States v. Carll*, 105 U.S. 611, 612 (1882)). "When deciding a motion to dismiss an indictment pursuant to Fed. R. Crim. Pro. 12(b), a court must accept all factual allegations in the indictment as true." *United States v. Thomas*, No. 3:19-Cr-00294 (KAD), 2020 WL 4339963 at 1 (D. Conn. July 28, 2020) (quoting *United States v. Kagan*, 283 F.Supp. 3d 127, 134 (S.D.N.Y. 2017)).

II.     Discussion

The first motion to dismiss filed by Attorney DeSantis challenges the indictment under the *corpus delicti* doctrine. Traditionally, this common law doctrine, also known as the corroboration rule, required "that prosecutors present

evidence other than the defendant's confession, admission, or exculpatory statement to prove the *corpus delicti* or 'body of the crime.'" *United States v. Irving*, 452 F.3d 110, 118 (2d Cir. 2006). "'[T]he corpus delicti rule no longer exists in the federal system[,]' [r]ather, the modern corroboration rule requires only that there be 'substantial independent evidence which would tend to establish the trustworthiness of the statement.'" *United States v. Bryce*, 208 F.3d 346, 354 (2d Cir. 1999) (quoting *United States v. Kerley*, 838 F.2d 932, 940 (7th Cir. 1988) and *Opper v. United States*, 348 U.S. 84, 93 (1954)).

Attorney DeSantis argues that the Government failed to satisfy the corpus delicti doctrine because the only evidence against Mr. Nieves are wiretaps of uncorroborated phone conversations where he allegedly admitted to selling drugs. He does not challenge the sufficiency of the indictment, instead, presumably after reviewing discovery, he argues that the Government's evidence is insufficient to convict Mr. Nieves.

In *United States v. Thomas*, Attorney DeSantis raised this exact argument before Judge Dooley in a case with nearly identical facts. *See United States v. Thomas*, No. 3:19-Cr-00294 (KAD), 2020 WL 4339963 (D. Conn. July 28, 2020). Judge Dooley found that Attorney DeSantis' argument was premature. *Id.* at 2. "It is a basic tenet of our criminal justice system that 'the Government is not required to demonstrate the sufficiency of its proof until the close of its case-in-chief at trial.'" *Id.* (citing *United States v. Rittweger*, 259 F.Supp. 2d 275, 289 (S.D.N.Y. 2003). Attorney DeSantis is asking the Court to conduct a review of the merits which is not a basis for a motion to dismiss at this stage of the proceedings. *See* Fed. R.

Crim. P. 12(b)(3) (a pretrial motion to dismiss must be able to be decided without a trial on the merits). This Court agrees with Judge Dooley and finds that this motion is premature. Therefore, the Court denies the motion to dismiss.

### *Pro Se* MOTION TO DISMISS FILED BY ATTORNEY DESANTIS ON BEHALF OF MR. NIEVES

Attorney DeSantis' also filed Mr. Nieves' *pro se* motion to dismiss. This motion is disjointed and Mr. Nieves fails to explain with any specificity his arguments and the applicability of the cited legal authority to his case. From what the Court can discern, Mr. Nieves challenges the constitutionality of 21 U.S.C. § § 841 and 846.

I. Filing *Pro Se* Motions

The Second Circuit has made clear that "only a few decisions in connection with trial strategy are reserved to the defendant to make personally." *United States v. Rivernider*, 828 F.3d 91, 107 (2d Cir. 2016). Strategic decisions, such as motions filed on behalf of the defendant, are reserved for counsel. *Id.* When a client requests that a motion be filed, counsel should use their professional expertise to ascertain whether legal grounds exist to file the motion. *Id.* Further, there is no right to "hybrid representation, in which [a defendant] is represented by counsel from time to time, but may slip into *pro se* mode for selected presentations." *Id.* at 108. "Hybrid" representation is not permitted without leave of the court. *Id.*

II. Discussion

At his client's request, Attorney DeSantis made the poor strategic decision to file a nonsensical and frivolous *pro se* motion that does nothing to advance Mr.

Nieves' case. Mr. Nieves is represented by counsel, so he has no right to file his own motions with the Court. Neither Attorney DeSantis or Mr. Nieves sought the Court's approval to file the *pro se* motion and the Court does not grant them leave *nunc pro tunc* to do so. Therefore, the Court denies Mr. Nieves *pro se* motion to dismiss.

## CONCLUSION

For the aforementioned reasons, the Court DENIES the motions to dismiss [Dkt. 375].

IT IS SO ORDERED.

_____
**Hon. Vanessa L. Bryant**
**United States District Judge**

**Dated this day in Hartford, Connecticut**